| | | |
|---|---|---|
| FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY as subrogee of THE GOLDEN WAFFLE, INC.<br><br>Plaintiff<br><br>v.<br><br>PYE-BARKER INDUSTRIAL CLEANING, LLC; PYE-BARKER FIRE & SAFETY, LLC; and COMMERCIAL SERVICES, INC.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiff, Foremost Property and Casualty Insurance Company as subrogee of The Golden Waffle, Inc., by and through their undersigned counsel, and for its complaint against Defendants, Pye-Barker Industrial Cleaning, LLC, Pye-Barker Fire & Safety, LLC, and Commercial Services, Inc., alleges and states the following:

## PARTIES

1. Plaintiff, Foremost Property and Casualty Insurance Company (hereinafter "Plaintiff") is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 5600 Beechtree Lane, Caledonia, MI 49316-0050. At all times relevant hereto, Plaintiff was licensed and authorized to issue policies of insurance in the state of North Carolina.

2. Defendants, Pye-Barker Industrial Cleaning, LLC and Pye-Barker Fire & Safety, LLC (hereinafter "Pye-Barker"), are corporations organized and existing under the laws of the State of South Carolina with its principal place of business located at 3898 Leeds Avenue, North

Charleston, SC 29405, that maintain the following registered agent for service of process: National Corporate Research, Ltd., 212 South Tryon Street, Suite 1000, Charlotte, NC 28281.

3. Defendant, Commercial Services, Inc. (hereinafter "FESS"), is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business located at 131 International Drive, Morrisville, NC 27560, that maintains the following registered agent for service of process: Ryan R. Willoughby, 131 International Drive, Morrisville, NC 27560.

## JURISDICTION AND VENUE

4. There is complete diversity of citizenship between the parties.

5. The amount in controversy exceeds, exclusive of costs and interest, the sum set forth in 28-U.S.C. Section 1332.

6. Jurisdiction is vested with this Court under 28 U.S.C.§1332 because the parties to the suit are completely diverse in that none of the Defendants are citizens of the same state as Plaintiff.

7. Pursuant to 28 U.S.C.§1391, venue is proper within the Middle District of North Carolina as that is where the events giving rise to Plaintiff's claims occurred.

## FACTS

8. Plaintiff issued a small business policy, under policy number 08171714 to The Golden Waffle, Inc., with applicable effective dates of October 12, 2015 through October 12, 2016. The Golden Waffle, Inc., was at all relevant times insured by Plaintiff.

9. Prior to January 22, 2016, The Golden Waffle, Inc., located at 602 E. Dixie Drive, Asheboro, North Carolina, hired on multiple occasions dating back to 2013, and most recently on

-2-

Case 1:17-cv-00049-LCB-JLW   Document 1   Filed 01/20/17   Page 2 of 7

September 21, 2015, Defendants to either clean out the grease accumulation from the duct work in their restaurant, or to service and inspect the fire suppression system there.

10. On January 22, 2016, a cooking fire occurred at the restaurant, which spread beyond the cooking area, spread into the duct work and completely destroyed the entire building in which the restaurant operated.

11. Upon further investigation, Plaintiff confirmed that there was excessive grease accumulation in the duct work, which resulted in a fire of greater size and intensity than could be controlled with the applicable fire suppression system in place; further, this investigation also confirmed that the hood and duct system were not compliant with applicable codes, and that The Golden Waffle, Inc. was never explicitly warned of these non-compliant issues with regard to both applicable codes and excessive grease accumulation.

12. Plaintiff's expert investigation further confirmed that Defendants' failure to explicitly advise The Golden Waffle, Inc. with regard to any of these non-complaint issues, allowed the fire to spread beyond the immediate area where it originated, and significantly exacerbate the amount of damages that occurred to the restaurant and building as a result of this fire loss.

13. As a direct and proximate result of this fire, Plaintiff paid a total of six hundred and two thousand, seven hundred and eighty-three dollars and seventy-six cents ($602,783.76) in order to indemnify its insured.

14. Pursuant to Plaintiff's insurance policy with The Golden Waffle, Inc., Plaintiff is subrogated to the rights of The Golden Waffle, Inc., to bring this action against Defendants to recover all sums paid to The Golden Waffle, Inc., as a result of Defendants' negligence.

## COUNT I – NEGLIGENCE

15. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

16. Defendants, as either the servicer of the duct work, or inspector of the fire suppression system, had a duty to ensure that the fire suppression system and duct work were code compliant and operating under existing conditions that would not exacerbate damages to property should a fire occur.

17. Further, Defendants, given these duties, were required to explicitly notify The Golden Waffle, Inc., of these issues sometime prior to the occurrence of the fire.

18. Defendants breached their foregoing duties by:

    a. not ensuring that the hood and duct system was complaint with code;

    b. failing to prevent excessive grease accumulation in the duct work;

    c. failing to warn The Golden Waffle, Inc., on any occasion explicitly and/or verbally with regard to the non-complaint issues of the hood and duct work (and excess grease accumulation) and/or failing to ensure that The Golden Waffle, Inc., took remedial action to bring their systems up to current code and increase the cleaning frequency to eliminate excessive grease accumulation;

    d. failing to take such measures as were necessary to prevent a fire to be of greater size and intensity than could be controlled with a wet chemical extinguishing system;

    e. failing to ensure that the hood and duct system met minimum code requirements, such as ensuring that the system was liquid-tight, and that it was provided with appropriate thermal barriers;

f.  failing to ensure that specific applicable codes were followed by The Golden Waffle, Inc., as part of Defendants' inspection and/or servicing of the hood and duct work, and/or fire suppression system, including the 2012 International Building Code, 2012 International Mechanical Code, and National Fire Protection Association 17A; and

g.  otherwise failing to use due care under the circumstances.

19.  Defendants' foregoing breach of these duties caused the fire to be of much greater intensity and duration, and therefore allowed the fire to spread beyond the immediate area of origin, through the duct work, and throughout the rest of the restaurant, thereby destroying the building.

20.  As a direct and proximate result of Defendants' negligence, the Golden Waffle, Inc. and the Plaintiff sustained damages in the amount of six hundred and two thousand, seven hundred and eighty-three dollars and seventy-six cents ($602,783.76).

21.  As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to recover damages in the amount of six hundred and two thousand, seven hundred and eighty-three dollars and seventy-six cents ($602,783.76).

## COUNT II – BREACH OF WARRANTY

22.  Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

23.  At all times relevant hereto, Defendants warrantied that their service and/or inspection of the hood and duct work and/or fire suppression system would be done according to applicable standards in the industry, as well as all applicable codes.

24.  Defendants' failure to follow all applicable codes and ensure that the hood and duct work and/or fire suppression system were code complaint by not explicitly and/or verbally

advising The Golden Waffle, Inc. of these non-compliant issues and how they could cause fires to do greater damage and be of much greater intensity and duration, constitutes a breach of warranty, and is not in line with standards in the industry for this kind of service and/or inspection.

25. As a direct and proximate result of Defendants' breach of warranty, the Golden Waffle, Inc. and the Plaintiff sustained damages in the amount of six hundred and two thousand, seven hundred and eighty-three dollars and seventy-six cents ($602,783.76).

26. As a direct and proximate result of Defendants' breach of warranty, Plaintiff is entitled to recover damages in the amount of six hundred and two thousand, seven hundred and eighty-three dollars and seventy-six cents ($602,783.76).

## COUNT III – BREACH OF CONTRACT

27. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though the same were fully set forth at length herein.

28. By their invoices, Pye-Barker agreed to provide services that would fully comply with their quality control checklist for cleaning of the exhaust system. A true and correct copy of their most recent service invoice prior to the fire, dated September 21, 2015, is attached hereto and marked as exhibit A.

29. By their work orders, Defendant, FESS agreed to provide inspection services to ensure that The Golden Waffle, Inc. was fully code complaint. A true and correct copy of their most recent work order, dated March 3, 2015, is attached hereto and marked as exhibit B.

30. Defendants breached their contracts by failing to perform their services, as previously outlined in paragraph 18.

31. As a direct and proximate result of Defendants' breach of contract, the Golden Waffle, Inc. and the Plaintiff sustained damages in the amount of six hundred and two thousand, seven hundred and eighty-three dollars and seventy-six cents ($602,783.76).

32. As a direct and proximate result of Defendants' breach of contract, Plaintiff is entitled to recover damages in the amount of six hundred and two thousand, seven hundred and eighty-three dollars and seventy-six cents ($602,783.76).

**WHEREFORE**, Plaintiff, having set forth its claims against the Defendants, prays to the Court as follows:

1. that this matter be tried before a Jury;

2. that the Plaintiff recovers compensatory damages from Defendants in the amount of six hundred and two thousand, seven hundred and eighty-three dollars and seventy-six cents ($602,783.76);

3. that the cost of this action, including pre-judgment and post-judgment interest, be taxed against Defendants; and

4. that the court renders such other further relief as it may deem just and proper.

Dated: January 20, 2017.

    Respectfully submitted,

    By: /s/ Michael G. Gibson
    Michael G. Gibson
    *Attorney for Plaintiff*

Of Counsel:
Michael G. Gibson, Esq.
Dean & Gibson, PLLC
301 S. McDowell Street
Charlotte, NC  28204
704-372-2700 – Phone
704-372-1804 – Facsimile
mgibson@deanandgibson.com